# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ROMERO-CARRENO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-914-2

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rafael Romero-Carreno appeals the 82-month sentence imposed following his guilty plea conviction for harboring illegal aliens within the United States for financial gain. Romero-Carreno argues that the district court erred in applying the nine-level enhancement for harboring more than 100 aliens, pursuant to U.S.S.G. § 2L1.1(b)(2)(C). He contends that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40015

court relied on the presentence report (PSR) in imposing the enhancement and that the PSR contained unreliable information. We review this issue for clear error. *See United States v. Betancourt*, 422 F.3d 240, 244-45 (5th Cir. 2005).

The district court, relying on information in the PSR and sustaining in part the objections to the PSR, found that the instant offense involved at least 181 aliens. In determining this number, the PSR and the district court relied on ledgers recovered from Romero-Carreno's residence that listed the names of aliens housed at the residence on certain dates. The main thrust of Romero-Carreno's argument is that the Government never established that he owned or authored the ledgers in question. However, the PSR had already established, based on Romero-Carreno's own admissions, that he was the leader of the criminal enterprise to harbor aliens, that he was responsible for delegating responsibilities, and that the aliens were housed at his residence. The defendant has the burden of presenting evidence to show that the facts contained in the PSR are inaccurate or materially untrue. *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013). Given the lack of rebuttal evidence provided by Romero-Carreno as to the number of illegal aliens harbored, the PSR's calculation, as modified by the district court, was not implausible and therefore not clearly erroneous. *See id.*; *see also Betancourt*, 422 F.3d at 247.

The judgment of the district court is AFFIRMED.